STATE OF MAINE
CUMBERLAND, ss

STATE OF MAINE
CUMBERLAND. SS.
CLERK'S OFFICE

AUG 27  11 24 AM '01

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-01-12

ELC, INC.,

　　　　　Plaintiff/Appellant

　v.

TJG, INC.,

　　　　　Defendant/Appellee

DECISION AND ORDER

The plaintiff appeals the District Court's judgment on the plaintiff's complaint for forcible entry and detainer. Paragraph seven of the lease provides that the plaintiff consented to the defendant's offering music but the approval could be revoked with notice to the defendant. Lease, ¶ 7. The plaintiff's consent was revoked. See District Court Order (Order) dated 3/9/01 at 2, ¶¶ 3-4; Lease attached to Plaintiff's Complaint ¶ 7. The plaintiff argues that the District Court erred in determining that the plaintiff was not entitled to possession of the leased premises as a result of the defendant's continuing to offer music at the premises after the plaintiff revoked that privilege. See Order at 3-5; Lease ¶¶ 7, 16, 21.

It is the appellant's responsibility to file a record for review. See M.R. Civ. P. 76F(a); see M.R. Civ. P. 80D(f)(1). The record can consist of a transcript, a prepared statement of the evidence by the appellant, or by a statement of the case signed by the parties. See M.R. Civ. P. 76F(a), (c) & (d). In spite of what the defendant states was a "lengthy testimonial hearing," no record has been provided in this case. See

1

Def.'s Mem. at 1. There is no indication whether the attachments to the plaintiff's memorandum on appeal were admitted as exhibits at the District Court hearing.

After hearing, the District Court concluded that no music offered by the defendant after 11/14/00 constituted a nuisance. Order at 3 & 5 n.2; Lease ¶ 16(a). The issue for the District Court was whether the lease provided that the plaintiff could terminate the lease if the defendant offered music after the plaintiff's revocation of consent. Id. at 3.

The District Court strictly construed the lease. See Rubin v. Josephson, 478 A.2d 665, 668-69 (Me. 1984) (forfeiture provision in lease to be strictly construed against party seeking to enforce it and enforcement not to be favored). The District Court concluded that pursuant to paragraph 21 of the lease, "Default," the lease could be terminated either for unpaid rent or violation or default in the observance or performance of any of the tenant's other covenants in the lease. Order at 4. The court determined that the defendant's failure to cease offering music was not indirectly addressed in paragraph 21 by the reference to the tenant's "other covenants." Id. at 5. The court further determined that paragraph 16 of the lease, "Tenants Covenants," did not contain an express covenant on the part of the defendant to refrain from offering music after the plaintiff revoked its consent. Id. at 4-5. Based on these provisions of the lease, the court concluded that the defendant's offering music after the plaintiff revoked its consent did not constitute a forfeiture under the subject lease and the action for forcible entry and detainer could not be sustained. Id. at 5.

Based on this record, the District Court did not err in determining that there had been no forfeiture of the lease.

The entry is

> The Plaintiff's Appeal is DENIED. The Decision of the District Court is AFFIRMED.

Dated: August 27, 2001

Nancy Mills
Justice, Superior Court

CUM-AP-01-12

Date Filed __03-23-01__ __Cumberland__ Docket No. __AP-01-12__

County

Action __Appeal from Lower Court__

ELC, Inc.

TJG, Inc d/b/a The Alehouse

vs.

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| David J. Perkins, Esq.<br>P.O. Box 449<br>Portland, ME 04112 | James M. Roux, Esq.<br>1 Exchange Street<br>Portland ME 04101 |

| Date of Entry | |
|---|---|
| March 23 | Received 03-21-01<br>Plaintiff's Notice of Appeal to Superior Court filed.<br>All paperwork received from 9th District Court, Division of Southern Cumberland (District Court Docket # POR-SA-01-229) |
| Mar. 23 | On 3-23-01.<br>Briefing schedule mailed. Appellant's brief due 4-30-01. |
| Apr. 27 | Received 4-27-01.<br>Appellant's brief filed. |
| May 25 | Received 05-25-01:<br>Appellee's Brief with Exhibits 1,2,3 filed. |
| June 11 | Received 06-08-01:<br>Appellant Reply Brief filed. |
| Aug. 27 | Received 8-27-01.<br>Decision and Order filed. (Mills, J.)<br>The plaintiff's appeal is denied. The decision of the District Court is affirmed.<br>8-27-01 copy mailed to David Perkins and James Roux Esqs. |